**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 21 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

F I L E D
Clerk
District Court

JUL 2 2 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

| UNITED STATES OF AMERICA, | No. 05-10034 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-03-00043-ARM |
| v. | |
| SOON KYUNG PARK, a.k.a. "Piao Cun Jing", a.k.a. "Dr. Park", | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief Judge, Presiding

Argued and Submitted June 14, 2006
Honolulu, Hawaii

Before: PREGERSON, CANBY, and HALL, Circuit Judges.

Soon Kyung Park ("Park") appeals his conviction for three counts of foreign transportation of persons in execution of a scheme to defraud . He also challenges his sentence. We affirm the conviction but remand under *United States v. Ameline*, 409 F.3d 1073, 1074 (9th Cir. 2005) (en banc), for reconsideration of the

---

*This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

sentence.

1. The district court did not commit plain error by submitting to the jury a special verdict form that combined questions of guilt with supplemental questions relevant to sentencing. We review for plain error the district court's use of the special verdict form because Park did not object to it. *United States v. O'Looney*, 544 F.2d 385, 392 (9th Cir. 1976).

The district court did not plainly err under current law in using the special verdict form. *United States v. Olano*, 507 U.S. 725, 734 (1993) (explaining that we "cannot correct [a plain] error . . . unless the error is clear under current law"). The court structured the form so that the jury first decided whether Park was guilty and then, only if it found him guilty, answered the supplemental questions dealing with sentencing factors. By employing this structure, the district court avoided the constitutional problems that may befall special verdict forms dealing with subissues of guilt. *See O'Looney*, 544 F.2d at 392 (explaining that special verdicts in criminal cases are disfavored typically because they risk violating a defendant's Sixth Amendment right to have the jury make the ultimate determination of guilt).

"Juries are regularly called upon to make factual determinations relevant to sentencing" and the use of special verdicts to do so is well-accepted. *United States v. Reed*, 147 F.3d 1178, 1180 (9th Cir. 1998). Moreover, the special verdict

form did not affect Park's substantial rights because there was overwhelming evidence that he committed the crimes. *See Olano*, 507 U.S. at 735 (stating that a plain error must affect a defendant's substantial rights, which generally means that it affects the trial's outcome).

2. We decline to consider Park's argument that his trial counsel was ineffective for failing to object to the special verdict form. *See United States v. Lillard*, 354 F.3d 850, 853 (9th Cir. 2003). The record on appeal is insufficient to permit review of the trial counsel's decision. Park's counsel's failure to object is not "so inadequate that it obviously denie[d] [Park] his Sixth Amendment right to counsel," so as to require direct review. *United States v. Robinson*, 967 F.2d 287, 290 (9th Cir. 1992).

3. Park contends that, if the court had given him a more meaningful opportunity to argue, he would have been able to demonstrate acceptance of responsibility by explaining that he never told the probation officer he was innocent. Park, however, did not have to claim innocence for the officer to find he was evading responsibility. The probation officer based her finding on Park's decision to go to trial, and on statements in their interview in which Park blamed others for aspects of his crimes. *See* U.S.S.G. § 3E1.1 cmt. 2 (explaining that acceptance of responsibility "is not intended to apply to a defendant who puts the

government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse").

4. Park requests a limited *Ameline* remand so the district court can consider whether it would have imposed a different sentence under an advisory guidelines scheme, and the government does not object. The record does not reveal the sentence the district court would have given knowing the guidelines were advisory. *See Ameline*, 409 F.3d at 1079 ("We surmise that the record in very few cases will provide a reliable answer to the question of whether the judge would have imposed a different sentence had the Guidelines been viewed as advisory."). We therefore remand under *Ameline* for reconsideration of the sentence.

**CONVICTION AFFIRMED; REMANDED FOR RECONSIDERATION OF SENTENCE.**