```
                                            F I L E D
                                               Clerk
                                            District Court

                                            AUG 1 0 2006

                                      For The Northern Mariana Islands
                                      By_____
                                              (Deputy Clerk)
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 03-00043 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | ORDER AFTER |
| ) | LIMITED REMAND, |
| PARK, Soon Kyung, also known as ) | DENYING RESENTENCING |
| "PIAO, Cun Jing," also known as ) | |
| "Dr. Park," ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

THIS MATTER is before the court from the U.S. Court of Appeals for the Ninth Circuit, which remanded "under Ameline for reconsideration of the sentence." United States v. Ameline, 409 F.3d 1073, 1074 (9th Cir. 2005) (*en banc*).

THE COURT has reviewed the court file, the presentence report, and the sentence imposed upon defendant, and also has an independent recollection of this jury trial.

Had the court known at the time that it sentenced this defendant that the sentencing guidelines were advisory, and upon further reflection of the extent of harm caused by this defendant, it might very well have imposed a materially different, and considerably longer, sentence of imprisonment under the criminal statutes.

Because of defendant's criminal acts, many lives were irrevocably altered for the worse. Most, if not all, of the Chinese citizen students who applied to attend defendant's "university" went deeply in to debt to pay for travel and "tuition." So did their families and extended families in the People's Republic of China. Once the prospective students arrived in the Commonwealth, they discovered there was no university and no university housing. They were forced to fend for themselves and were living in extremely difficult circumstances with very few personal resources available to them. Because the students did not receive the education promised to them by defendant, their ability to re-pay the loans has, for all practical purposes, disappeared, leaving both they and their families very much the worse off for their reliance on this defendant.

Further, not only did the prospective students suffer, the Commonwealth also suffered by the fact that the students became public charges, with the Commonwealth having to provide financial assistance for housing, food, and medical care.

However, in the interests of finality, of fairness and certainty of punishment to defendant, and to maintain respect for the criminal process, the court declines to

resentence defendant.

Should defendant wish to appeal this order, he "may file a notice of appeal as provided in Fed.R.App. 4(b)." United States v. Ameline, 409 F.3d at 1085.

DATED this 10th day of August, 2006.

_____
ALEX R. MUNSON
Judge